NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 19, 2010
Decided May 21, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1210

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>LESUIN J. GARCIA,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 3:09-cr-00115-bbc-1<br><br>Barbara B. Crabb,<br>*Judge*. |

### O R D E R

On April 17, 2009, Lesuin Garcia was convicted of state bank fraud crimes in Kentucky and sentenced to three years in state prison. He was later charged in the Western District of Wisconsin with violations of the federal bank fraud statute. Garcia pled guilty to two counts of the federal indictment. The advisory sentencing guideline for his federal crimes was four to ten months, using an offense level that had been increased by treating Garcia's related Kentucky crimes as relevant conduct. The federal district court sentenced Garcia on January 15, 2010, to 10 months of imprisonment to run concurrently with his Kentucky sentence. The parties agree that the district court should have, but did not, calculate Garcia's guideline range to include credit under U.S.S.G. § 5G1.3(b)(1) for the nine months he had already served in

Kentucky because those Kentucky acts had been used to raise his offense level by four levels. As a result, Garcia's 10-month sentence represented an upward variance of about nine months. The district court did not explain this aspect of its sentence.

At oral argument, Garcia's counsel informed the court that Garcia has been released from custody by Kentucky (presumably on parole) and is listed as "in transit" to federal prison. The government's counsel conceded that, under these circumstances, the district court's incorrect guideline application cannot be considered harmless without further explanation. We therefore vacate Garcia's sentence and remand his case to the district court with instructions to re-sentence Garcia as soon as possible. The district court, of course, might exercise its discretion to impose a sentence with the same or similar practical effect on Garcia, exercising its discretion under *United States v. Booker* and *Gall v. United States*, but must explain its reasons for doing so. See *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007).

Accordingly, we **VACATE** Garcia's sentence and remand to the district court for re-sentencing. The mandate shall issue immediately.